### ARMSTRONG v. LESTER ET AL.

1. **Contract:** CONSIDERATION: MARRIAGE. Marriage is a good and sufficient consideration for a bond by the seducer, that he will pay the woman he has seduced a sum named if he shall desert her or fail to support her or the child.

2. ———: ———: SUPPORT OF CHILD. An agreement to support the child under such circumstances is but a voluntary undertaking to do what the law requires and will be sustained.

3. ———: ———: ———. An agreement by which one secures a provision for the support of wife and child is not against public policy, but rather is favored by the law.

4. ———: MARRIAGE. Marriages celebrated after the commencement of a prosecution for seduction between the parties to the action are encouraged by the law, and contracts which promote them receive a favorable interpretation.

5. ———: ———: DURESS. That such a contract was made pending the prosecution will not defeat it for duress of the obligor.

*Appeal from Warren Circuit Court.*

MONDAY, APRIL 24.

ACTION at law upon an instrument in writing of which the following is a copy:

"INDIANOLA, IOWA, June 9, 1874.

One day after date I promise to pay Russell Armstrong for the use of Isabel Nicholson or the child with which she is

now pregnant, and of which the principal hereof is the father, and to them or either of them alone, the sum of five hundred dollars ($500), at the rate of ten per cent per annum, after installments due, for value received, to be paid as follows, to-wit: In installments of fifty dollars ($50.00) each and every six months from the date hereof: Provided that if A. W. Lester, principal, shall marry and in good faith live and abide with and support Isabel Nicholson, and support, and keep, and care for the child with which she is now pregnant, and of which he is the father, no part of this note shall become due or payable, but if he should not marry, or having married, leave or abandon her for any cause, or refuse to support her or her said child then this note shall become and shall be considered due and payable according to the above stipulations. This obligation cannot be cancelled by the said Isabel Nicholson after marriage with the said principal, A. W. Lester, except by the written consent of the said Russell Armstrong.

Signed,                          A. W. LESTER, Principal.

                                 J. T. LESTER,    } Sureties."
                                 H. W. LESTER,    }

The petition alleges that after the defendant, A. W. Lester, had married the woman named in the instrument, he immediately abandoned her and has failed and refused to support her and the child of which she was delivered, and has thus broken the conditions of the obligation.

The sureties, answering the petition, deny all the material allegations therein, and allege that the obligation was given without consideration, that the consideration therefor was illegal and that its execution by the principal was procured by his duress.

The cause was tried to the court without a jury and judgment rendered for the plaintiff, in the amount of the installments due upon the obligation; defendants appeal.

*Henderson & Berry*, for appellants.

*Williamson & Parrott*, for appellee.

BECK, J.—The defendant had been arrested and, upon a preliminary examination before a magistrate, held to bail to answer for the crime of seducing Isabel Nicholson, an unmarried woman who was *enceinte* at the time by him. At the close of the examination, after he had been required to give bail, he proposed to the woman to marry her. Her friends, it appears, interposed objections to the marriage on the ground that it was proposed by him for the purpose of escaping from the punishment for his crime and not in good faith; that after the marriage, which would bar further prosecution (Code, 3668), he would desert her and refuse to support her and the child of which she was *enceinte*. Either to overcome these objections or to obtain the consent of the woman to the proposed marriage, the defendant executed the writing, with the sureties whose names are attached thereto.

I. The purpose of the instrument was to secure the sum, which defendant became bound thereby to pay, for the support

1. CONTRACT: consideration: marriage. of the woman he proposed to marry and the child, of which he admits, in the writing, he is the father. The obligation was entered into in contemplation of marriage. Its consideration is found in the agreement of the woman to marry the defendant, and the subsequent marriage. The law has always regarded marriage as among the strongest considerations to support a contract or to raise a use.

II. If the obligation sued upon be regarded as a security for the benefit of the child, of which defendant is the father,

2. ——: ——: support of child. this is a sufficient consideration, for the support of offspring has always been so considered by the law. The law will compel a man to support his children, both legitimate and illegitimate; surely his voluntary obligation to do so is not without consideration.

III. It is urged that the contract is illegal and against

3. ——: ——: public policy. But an obligation whereby one secures a provision made for a wife and child, so far from being illegal, is regarded with favor by the law.

IV. So far as the contract in suit was a part of the arrangement by which the criminal prosecution against defendant was abandoned, it is not unlawful. The statute, in providing that

marriage before judgment shall bar a prosecution for seduc-
tion (Code, § 3668), contemplates, of course, that

**4. ——: marriage.** the prosecutrix and defendant may arrange for the
abandonment of the proceedings in that way. Marriages cele-
brated under such circumstances are encouraged by the law.
All settlements and contracts entered into in contemplation of
such marriages, which have been fairly made and under other
circumstances would be upheld, cannot be defeated.

V. The defense that the execution of the note was pro-
cured through duress is not sustained by the evidence and the
law. It may be admitted that defendant was

**5. ——: —: duress.** induced to execute the instrument in suit through
fear of punishment for the crime with which he was then
charged. Men often execute obligations to avoid the penalties
of the law, but their acts in such cases are none the less bind-
ing. In bastardy cases the accused may be required to pro-
vide support for his offspring; this is often done by contract,
mortgages and the like. Surely such instruments have never
been claimed to be invalid, on the ground that they were exe-
cuted to avoid imprisonment or other legal penalty. They
are not unlike, as to their consideration, the instrument in
suit.

No other questions are presented in the case. The judg-
ment of the Circuit Court is

AFFIRMED.